# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THE BANK OF NEW YORK MELLON,

        Plaintiff,

vs.

ELKHORN COMMUNITY ASSOCIATION, et al.,

        Defendants.

Case No. 2:16-cv-02571-JCM-CWH

**ORDER**

    Presently before the court is Plaintiff The Bank of New York Mellon's Response to Court's Order Dated February 24, 2017, and Request for Extension of Time for Accomplished Service (ECF Nos. 20, 21), filed on March 27, 2017. The motion is unopposed.

    On February 24, 2017, the Clerk of Court entered a notice of intent to dismiss under Rule 4(m) of the Federal Rules of Civil Procedure, stating that no proof of service had been filed as to Defendant 7321 Wandering Street Trust. (Rule 4(m) Notice (ECF No. 9).) The notice required Plaintiff to file proof of service that this Defendant was served by the service deadline, which was February 2, 2017.[1] (*Id.*) Plaintiff now moves for a retroactive extension of the service deadline, arguing that good cause exists to extend the deadline because it contacted Defendant regarding accepting service of process before the 90-day deadline expired. Plaintiff further argues that Defendant accepted service of process, though not until after the deadline, and that service would have been timely under the former version of Rule 4(m), which required service within 120 days.

    Rule 4(m) of the Federal Rules of Civil Procedure establishes the time for service on domestic defendants:

---

[1] Plaintiff's complaint (ECF No. 1) was filed on November 4, 2016. The 90-day service deadline was February 2, 2017.

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The court must extend the 90-day time limit of Rule 4(m) if the serving party shows good cause for failure to serve within 90 days. *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing version of Rule 4(m) with 120-day deadline). If the serving party does not show good cause, the court has discretion to extend time for service, or to dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. *Id.*

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

Plaintiff has not demonstrated good cause to extend time to serve Defendant 7321 Wandering Street Trust. Although Plaintiff argues good cause exists because it contacted this Defendant regarding accepting service of process before the service deadline, Plaintiff has not been diligent because it failed to move to extend time to serve Defendant before the 90-day deadline expired. Regardless, under Rule 4, the court has discretion, even without good cause, to extend the time for service. Given that Defendant ultimately accepted service of process, has appeared in this case, and does not oppose this motion, the court in its discretion will grant the retroactive extension and deem service timely.

IT IS THEREFORE ORDERED that Plaintiff The Bank of New York Mellon's Response to Court's Order Dated February 24, 2017, and Request for Extension of Time for Accomplished Service (ECF Nos. 20, 21) is GRANTED.

DATED: May 1, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**