UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THE BANK OF NEW YORK MELLON,

        Plaintiff,

vs.

ELKHORN COMMUNITY ASSOCIATION, et al.,

        Defendants.

Case No. 2:16-cv-02571-JCM-CWH

**ORDER**

      Presently before the court is defendant 7321 Wandering Street Trust's ("Wandering Street") Motion to Strike Plaintiff's Jury Demand (ECF No. 29), filed on April 13, 2017. Plaintiff The Bank of New York Mellon (the "Bank") filed a response (ECF No. 32) on April 27, 2017. Wandering Street did not file a reply.

      This case arises from a dispute regarding a homeowners' association foreclosure sale. The Bank asserts a claim for declaratory relief against defendants Wandering Street and Elkhorn Community Association (the "HOA"), as well as claims for breach of Nevada Revised Statutes § 116.1113 and wrongful foreclosure against the HOA. (Compl. (ECF No. 1).) The Bank requests injunctive relief against Wandering Street. (*Id.*) Wandering Street moved to dismiss all claims asserted against it, and the HOA joined in that motion. (Mot. to Dismiss (ECF No. 24); Joinder to Mot. to Dismiss (ECF No. 27).) The HOA filed an answer, a third-party complaint bringing breach of contract, indemnity, and contribution claims against third-party defendant Anguis & Terry Collections, LLC, and a motion for summary judgment.[1] (Ans. & Third-Party Compl. (ECF No. 10); Mot. Summ. J. (ECF No. 42).) The Bank also moved for summary judgment. (Mot. Summ. J. (ECF No. 43).) The dispositive motions are pending before the United States district judge assigned to the case, who will address them in due course.

---

[1] Anguis & Terry has not appeared in this case.

Wandering Street[2] now moves to strike the Bank's jury demand, arguing there is no right to a jury trial in this case because the relief the Bank seeks—a determination that the Bank's deed of trust was not extinguished by the homeowners' association foreclosure sale—is equitable in nature. The Bank responds that although it seeks equitable relief, the pleadings raise various legal issues that should be resolved by a jury, such as whether the sale was commercially reasonable, whether the sale was conducted in good faith, and whether the Bank had constructive notice of the sale. The Bank also argues that it is entitled to a jury trial on its declaratory relief, wrongful foreclosure, and § 116.1113 claims.

Under Rule 38 of the Federal Rules of Civil Procedure, "a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable." Fed. R. Civ. P. 38(c). "The trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a).

Here, the Bank "demands a jury trial on all issues." (Jury Demand (ECF No. 26) at 2.) Wandering Street's motion to dismiss is pending, it has not filed an answer, and the pleadings remain open. Given the case's procedural posture, it is unclear to the court whether it can decide the motion to strike at this time. Specifically, without Wandering Street's answer, it appears the court cannot determine the universe of issues that may be triable before a jury because it does not know which allegations are admitted or denied, or whether Wandering Street will assert claims that are triable to a jury. The court therefore will order the parties to submit additional briefing on whether a motion to strike a jury demand is premature if the pleadings remain open. Briefs must be limited to five pages per party and should be filed by January 8, 2018.

IT IS SO ORDERED.

DATED: December 18, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[2] The HOA did not join in Wandering Street's motion to strike the jury demand.

2